GARRISON, Judge.
Plaintiff, Stan-Blast Abrasives Co., Inc., filed suit against Frank B. Hall & Co. of Louisiana, Inc., its procuring insurance agent; Louisiana Risk Specialists, Inc., *862 Hall’s local insuring agent; and Lexington Insurance Co., plaintiff’s property damage insurer for damages to plaintiff’s facilities in San Leon, Texas caused by Hurricane Alicia in August of 1983. This suit arose after Lexington denied coverage to plaintiff claiming that plaintiff’s all risk property damage insurance policy did not cover plaintiff’s property in San Leon, Texas because plaintiff failed to give Lexington notice of this newly acquired location as required by plaintiff’s policy.
Subsequently, Lexington filed a cross-claim against Frank Hall & Co. alleging that because plaintiff did not have coverage from losses sustained to its Texas property in the hurricane and because Hall was charged with the responsibility for procuring insurance to protect plaintiff from such losses, Hall is liable for plaintiff’s damages due to his failure to act as a reasonable broker would act under similar circumstances. Hall then filed a third party petition against Lexington and Louisiana Risk Specialists claiming that plaintiff’s all risk property damage policy carried by Lexington provided coverage for plaintiff’s property in San Leon, Texas and for claims for damages to that property resulting from Hurricane Alicia.
Prior to trial, the main demand in this case was settled with Hall and Lexington each paying half of plaintiff’s damages sustained in the hurricane. Louisiana Risk Specialists was dismissed as a defendant in this case. This settlement contained the provision that the incidental demands in this case would be substituted as the main demand leaving the court only to decide which of these two contributors, Hall or Lexington, was entitled to recovery by the other of its payment of half of plaintiff’s damages. This issue remained because the parties also stipulated in the settlement agreement that if coverage did not exist under the Lexington policy, Hall would be fully liable. If coverage did exist, then Lexington would be fully liable.
After trial, the commissioner recommended to the trial judge the finding that coverage was in effect under the Lexington policy; therefore, Lexington was fully liable for plaintiff’s damages and Hall was entitled to reimbursement by Lexington for its 50% contribution for plaintiff’s damages. Subsequently, the trial judge referred this matter back to the commissioner for an evidentiary hearing on the facts surrounding the notice given to Lexington of Stan-Blast’s newly acquired business premises in San Leon, Texas.
After an evidentiary hearing on this issue, the commissioner recommended to the trial judge his finding that Lexington Insurance and Louisiana Risk Specialists knew that plaintiff proposed moving a substantial part of its operation to two other locations (including the Texas location) and that a rider was issued to protect loss to equipment located at the new locations. However, he also found that “there was no showing of any facts which noticed a direct intention to insure the new location over and above those designated items.” The commissioner nonetheless concluded that plaintiff’s intention to insure coupled with notice given to Lexington of the newly acquired location extended plaintiff’s insurance coverage to the new location.
The trial judge maintained Lexington’s exception to these findings of the commissioner and ruled, without written reasons, that Lexington Insurance Company was entitled to judgment in its favor and against Frank Hall and Co. of Louisiana in the amount of $87,500.00 plus legal interest from July 3,1986. Frank Hall and Company of Louisiana, Inc. now appeals.
On appeal, the issue is: did the insurance broker (Hall) give the required notice to the insurer (Lexington Insurance Company) of plaintiff’s newly acquired business premises so as to extend plaintiff's all risk property damage coverage to that new location? The trial judge obviously concluded that Hall did not give this required notice to Lexington.
The crucial provision of Lexington’s all risk property damage policy acquired by Stan-Blast for its Harvey, Louisiana operation in 1980 states, in pertinent part:
"... Newly acquired locations must be reported to the Company within sixty days. Failure to report such property *863 newly acquired voids this extension. Values must be reported and premium adjustment made thereto.”
This policy provided automatic coverage for the new locations for sixty days without any action by Stan-Blast. However, in order to extend coverage beyond that sixty day period, Stan-Blast or its representative was required to fulfill the obligations of the above-stated clause.
Michael England, the account executive with Frank Hall & Co. who handled plaintiffs account, testified at trial that it was his belief that an awareness of the new location by the underwriter was the only requirement necessary for insurance coverage to attach. According to England, his telephone conversation with a representative of Lexington Insurance on October 21, 1982 in which England told the representative that the plaintiff was preparing to open new facilities in Texas and Illinois fulfilled the notice requirement of the “newly acquired locations” clause in plaintiff's all risk property damage insurance policy.
Furthermore, England requested coverage for plaintiff’s equipment in transit from Harvey to the new Texas facility and Lexington, in turn, substantially increased plaintiffs policy limits in connection with this coverage. Additionally, Hall reported to Lexington, by letter, the values of all of plaintiffs personal property transferred to Texas providing Lexington with the information necessary to assess any new premiums. England later notified Lexington about a telephone system needing coverage at the Texas location and an endorsement was issued by Lexington to cover this equipment. These facts certainly demonstrate that Lexington was made aware by Frank B. Hall and Company of the plaintiffs new location in Texas, thereby fulfilling the notice requirement within sixty days.
Lexington’s argument that Hall failed to provide proper written notice of plaintiff’s newly acquired location is meritless because the policy in question does not specify any particular form of notice required regarding newly acquired locations. Because the Lexington policy does not specify that written notice is required for this situation, the oral notice given to Lexington by Michael England was sufficient to notify Lexington of plaintiff’s newly acquired location.
Therefore, once plaintiff’s new location was reported to Lexington, plaintiff’s existing blanket coverage extended to all property on the new site. For these reasons, the judgment of the trial court is reversed. Judgement is now rendered in favor of Frank B. Hall and Company of Louisiana and against Lexington Insurance Company in the amount of $87,500.00 plus legal interest from July 3, 1986 and costs of these proceedings.
REVERSED AND RENDERED.